Railey et al. *v.* Bacon et al.

---

## James Railey et al. *v.* John Bacon. et al.

The assignees acquired just such rights and interests in the notes as the bank could convey, having a due regard to the nature of the contract with her debtors; and that which the law made a part of the contract when it was entered into, is an essential part of it.

Where equity assists a party in obtaining his rights under a contract, it does so upon the principle that the very contract as assented to by the party in default, is alone to be enforced.

Where the law says, that all debts due to the banks of the State, may be paid at any time in the notes of such banks; a note payable to a bank after the passage of the law, must be understood as giving the debtor his option, to pay in either the notes of the bank or in the constitutional currency of the country.

The assignees acquired only such rights as the bank could transfer, the right

Railey et al. *v.* Bacon et al.

to take the place of the bank. *Held,* that the issue of the bank was a good tender.

On appeal from the southern district chancery court at Natchez; Hon. James M. Smiley, vice-chancellor.

This was a suit instituted by John Bacon and others, as assignees of the Bank of the United States, against Helm and Railey, in the southern district chancery court at Natchez, to recover a decree for the amount of the promissory notes, executed by Helm and Railey to the Planters Bank of the State of Mississippi, and which Bacon and others allege were transferred to them, by delivery, by the Planters Bank. Each note is for $1,279.28, dated March 12, 1842, payable in three, four, and five years respectively; and they were transferred to Mr. Roberts, as agent for defendants in error, in May or June, 1842.

The plaintiffs in error (defendants below) demurred to the bill, on the grounds, both of want of jurisdiction in the court, and want of equity in the bill. The demurrer was overruled. The defendants below filed their answer, and among other matters of defence set up, they insist: —

1. That the alleged transfer of the notes by the Planters Bank, being in violation of a statute of this State, was void, and conferred no title on Bacon and others to maintain the suit.

2. That the defendants below are entitled to discharge the notes in the issues or liabilities of the Planters Bank, and tender to do so; said issues, &c., of the bank being, at the date, maturity, and transfer of the notes, as well as at all times since, greatly below par or specie, or that specie can only be recovered of them to the amount of the value of the issues of the Planters Bank, for the sum due.

And that, as complainants have resorted to a court of equity for recovery, they shall do equity by receiving the notes of the Planters Bank, or their value (to the amount of the debt) in specie, as Helm and Railey expected to pay, and did in part, as indorsed on one of the notes in this case by Mr. Roberts, as agent.

The deposition of Mr. Roberts shows the transfer of the

notes, by delivery, to be in payment of an antecedent debt due by the Planters Bank to the Bank of the United States; and that the Planters Bank money, or notes, were at the date of the notes, of the transfer, at their maturity, and when his deposition was taken (about the date of the decree), greatly depreciated, varying from forty-five to fifty-five cents in specie on the dollar.

The court decided and decreed that the debt was payable in specie, dollar for dollar, and that the makers of the note were not entitled to pay either in the issues of the Planters Bank, or the amount in specie, according to the specie value of the Planters Bank notes and evidences of debt; and an account was ordered accordingly.

The exceptions were taken to the report of the commissioner, but overruled by the court, and a decree rendered for the whole amount claimed by the complainants below; and the defendants below appealed to this court.

*J. T. McMurran* for appellants.

*Geo. S. Yerger* for appellees.

Mr. Justice FISHER delivered the opinion of the court.

The object of this bill is to ·obtain a decree against the appellants, for the payment of three promissory notes by them, made to the president, directors, and company of the Planters Bank, on the 12th of March, 1842, and by the bank transferred, by delivery, to the complainants.

The excuse offered for invoking the aid of a court-of equity is, that the charter of the bank having been adjudged forfeit, and the legal title to the notes not having passed to the complainants, they have no remedy at law to enforce the collection of the same. This point has been decided by this court in favor of the complainants, 12 S. & M.; and may now be treated as no longer an open question.

Among other grounds taken in the defence, it is insisted, that as the notes in controversy were made long after the passage of the acts of 1840, prohibiting the banks from transferring

their assets, and requiring them, in all cases, to receive, in payment of debts due them, their own notes, the complainants coming into a court of equity for relief, ought to be required to do equity to the defendants; by which we are to understand, that the equitable assignee ought to recover no more on the notes, than the assignor could have recovered if no assignment had been made. This, as a sound and settled rule of equitable jurisprudence, cannot be controverted. The complainants, by the assignment, acquired just such rights and interests in the notes, as the Planters Bank, having a due regard to the nature of the contract with her debtors, could convey; and hence that which the law made part of the contract, when it was entered into, must be treated as an essential part of it, in the hands of the complainants; for otherwise, equity would not be enforcing the contract as assented to by the defendants, but one having its nature and the extent of the defendants' obligation materially changed, merely by the transfer of the bank.

When equity assists a party in obtaining his rights under a contract, it does so upon the principle, that the very contract, as assented to by the party alleged to be in default, is alone to be enforced.

The counsel for the complainants argues that the notes having been made payable to the president, directors, and company of the bank, " or their order," it was part of the contract that the makers would pay to the bank's assignee; and, therefore, the complainants, in insisting on the payment of the notes in specie, are only asking a performance of the contract. Whether this ground would or would not avail the complainants, if they were suing in a court of law, on a title derived from the bank by a regular indorsement, we need not stop now to inquire. Whether the bank had the power to indorse the notes or not, and in this way invest the complainants with the legal title, it is certain that she has not done so; and hence we have nothing to do with the legal rights of the complainants, otherwise than as a court of equity will recognize them. Equity permits all parties to stand upon the terms of their contract. A contract is what the law makes it. As a general rule, if founded upon a legal consideration, it is binding upon the parties according to their

Railey et al. *v.* Bacon et al.

own stipulations. When, however, the law says that all debts due to the banks of the State may be paid at any time in the notes of such banks, a note payable to a bank after the passage of the law, must be understood as giving the debtor his option to pay in either the notes of the bank, or in the constitutional currency of the country. The law is so far part of the contract, as to define what both parties meant by the word " dollars " as used in the note.

But, it is said that this virtually takes away the right of the corporation to transfer her bills receivable, and is, therefore, a violation of the rights secured to her in this respect by her charter. We entirely disagree with counsel in this position. It may be true that the debtor can, and doubtless will, in all cases claim the right to discharge his notes in the issues of the bank. And it may also be true, and continue to be true, that these issues have been, and are now, greatly depreciated. But is this a defence which the bank can make ? Certainly not. She put her notes into circulation as money. They profess, on their face, to be the representatives of a metallic currency, and convertible into such at any time on presentation at the counter of the bank. If they are not, then, equal to par funds, it is because the corporation has disregarded the most wholesome provisions of its charter, and cannot be said to be the fault of the law; the effect of which was and is merely to reduce the bills receivable of the bank to the same standard of value of her bills payable. She had, while enjoying a corporate existence, the right to raise her bills payable to the value of par funds, and in this way cut off all supposed benefit to her debtors, in this mode of payment in the issues of the bank.

Having shown that the law was practically part of the contract, and was binding upon the bank, while she had a corporate existence, it follows of course that the complainants acquired only such rights as the bank could transfer, to wit, merely the right to take the place of the bank.

The defendants, by their answer, tender the issues of the bank in court. This is a good offer to perform, and must be accepted by the complainants. The decree will, therefore, be reversed; the defendants required to pay on demand, to the

complainants, the issues of the bank. On failure to pay on demand, account will be taken, charging the defendants the highest market value of the Planters Bank notes, at any time after the maturity of the notes in suit, to the date of taking the account.